FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2016 NOV 29 PM 2: 34

CLERK, US DISTRICT
MIDDLE DISTRICT OF FL.
JACKSONVILLE DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv1477-J-32 PDB |
| ) | |
| PATRICK BRIAN HINES ) | |
| CALLING 10, LLC, ) | |
| and ) | |
| TELSEVEN, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY

The United States of America, by and through its undersigned attorneys, A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and Sean Powers, Assistant United States Attorney, files its original complaint for the recovery of a monetary forfeiture penalty totaling $1,680,000 and alleges upon information and belief as follows:

### INTRODUCTION

1. This is a civil action brought by the United States pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a), and the United States Bankruptcy Code, 11 U.S.C. § 362(b)(4), to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC") on February 18, 2016, assessing a monetary forfeiture against Patrick Brian Hines and his businesses: Calling 10, LLC and Telseven, LLC (collectively, the "Defendants").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a).

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a) and 47 U.S.C. § 504(a), because the principal operating office and/or residence of Defendants is located in Ponte Vedra Beach, Florida, a location within this district.

## PARTIES

4. Plaintiff is the United States of America.

5. The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended (the "Act"), 47 U.S.C. § 151 *et seq.*

6. Defendant Patrick Brian Hines at all relevant times was the sole shareholder and officer of Calling 10, LLC, and Telseven, LLC. As the sole owner and officer of Calling 10, LLC, and Telseven, LLC, Hines managed, controlled, and directed the activities of those companies.

7. Calling 10, LLC, is a Delaware limited liability company which at all relevant times offered an "Enhanced Number Assistance and Directory Assistance" ("ENADA") service. Its headquarters are listed at 1000 N. West Street, Wilmington, Delaware 19801. Upon information and belief, Calling 10, LLC, has operated under such trade names as California Calling 10, LLC; Calling 10; Calling 101515800; and Calling 1010275. On April 20, 2012, Calling 10, LLC, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the

Middle District of Florida, Jacksonville Division. *In re Calling 10, LLC*, 3:12-bk-02683 (Bankr. Ct. M.D. Fla. filed April 20, 2012). The Calling 10 bankruptcy case is still pending.

8. Telseven, LLC, is a Florida limited liability company which at all relevant times offered the same ENADA service as Calling 10. Its headquarters are listed at 200 Executive Way, Ponte Vedra Beach, Florida 32082. Upon information and belief, Telseven, LLC, has operated under such trade names as Calling 10 10 275; Calling 10 15 15 800; Calling 10; and Calling 10 10 141. On April 20, 2012, Telseven, LLC, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. *In re Telseven, LLC*, 3:12-bk-02682 (Bankr. Ct. M.D. Fla. filed April 20, 2012). The Telseven bankruptcy case is still pending.

## STATUTORY AND REGULATORY BACKGROUND

9. The Federal Communications Commission ("FCC" or "Commission") is an agency of the United States that regulates telecommunications carriers pursuant to the Communications Act of 1934, as amended ("Act") and Commission regulations.

10. Section 201(b) of the Act states in pertinent part that "[a]ll charges, practices, classifications, and regulations for and in connection with [interstate or foreign] communications service [by wire or radio], shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful." 47 U.S.C. § 201(b).

11. The Commission has found that the inclusion of unauthorized charges and fees on consumers' telephone bills, a practice known as "cramming," is an "unjust and unreasonable" practice under Section 201(b). *See, e.g., Central Telecom Long Distance, Inc.*, Forfeiture Order, 2016 WL 4943991 at *6, para. 15 (2016).

12. The Commission has also found that unfair and deceptive marketing practices by interstate common carriers constitute unjust and unreasonable practices under Section 201(b). *See, e.g., STI Telecom, Inc. (formerly Epana Networks, Inc.)*, Forfeiture Order, 30 FCC Rcd 11742, 11744, para. 7 (2015).

13. Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

14. Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under 503(b), provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act more than once, or, if such commission or omission is continuous, for more than one day." *Id.* at (f)(2).

15. Pursuant to section 503(b)(2)(E) of the Act, 47 U.S.C. § 503(b)(2)(E), in determining the amount of a forfeiture penalty, the FCC "shall take into account the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require." That same section empowers the Commission to assess a forfeiture of up to $150,000

for each willful or repeated violation of the Act or of any rule, regulation, or order issued by the Commission under the Act. *Id.*

## THE VIOLATIONS

16. Defendants offered their "Enhanced Number Assistance and Directory Assistance" ("ENADA") service from late 2003 until at least May 2012.

17. Defendants, through their affiliates, obtained control of approximately one million toll-free numbers, which consumers could dial and reach Defendants' service. Many of these numbers were likely to be called by consumers by mistake because of their substantial similarity to existing working numbers or because they were formerly used by other entities.

18. Defendants deceptively marketed their ENADA service to consumers who called these toll-free numbers by mistake and charged them approximately seven dollars per call without their authorization.

19. When the consumer dialed a number owned by Defendants, the consumer heard a message that a new "national directory assistance service" was available to assist the caller in finding the correct number for the party they intended to call. The consumer was directed to hang up, and dial a separate "dial-around" number which would provide the advertised directory assistance service for a charge.

20. Consumers who dialed the dial-around number were greeted with a menu of options. A consumer would be charged for the call if they hung up without making a selection, or if they selected any of the menu items but one. Only the selection of the menu item for "rate information" would not trigger the issuance of a charge.

21. A large number of consumers complained to billing aggregates and local telephone companies about Defendants' ENADA service and sought to contest the charges. Consumers also filed complaints with the FCC, state regulatory authorities, the Better Business Bureau and directly with Defendants.

22. In response to numerous consumer complaints about the practices of Calling 10, LLC, and/or Telseven, LLC, in 2011 the FCC's Enforcement Bureau (the "Bureau") initiated an investigation.

23. The Bureau examined more than 80 complaints regarding allegedly unauthorized charges by Defendants and contacted numerous consumers identified by Defendants who sought refunds of the charges issued by Calling 10, LLC, and/or Telseven, LLC.

24. The Bureau discovered that, according to many consumer complaints, Defendants charged consumers between $7 and $8 simply because they called a toll-free number that Defendants controlled. These consumers claim that they did not dial the advertised "dial-around" number and were billed merely for calling the toll-free number acquired by Defendants.

25. In the process of the investigation, Defendants did not provide call detail records refuting these consumers' claims.

26. The Bureau also discovered that Defendants advertised their service in a misleading manner. When a consumer would dial a number under Defendants' control, they heard a deceptive and misleading message advertising the directory service available at the dial-around number.

27. The message did not notify consumers that they would incur a charge simply for dialing the dial-around number. Instead, the message informed consumers that they would incur

a charge for using the service. This message was misleading because consumers would be charged for a call to the dial-around number if they hung up before making a selection.

28. The message did not expressly state that the number the consumer had reached was in Defendants' control. Consumers were therefore left to believe that Defendants' ENADA service was in some way related to the party whose toll-free line they had intended to reach.

29. The message also misleadingly described the cost of the service. Although the message stated that the charge was $4.99 exclusive of administrative fees, Defendants typically charged over $7.00 for the service – more than 40% higher than the amount disclosed.

30. Finally, consumers did not receive the advertised directory assistance when they called the dial-around number and attempted to take advantage of the service. Consumers would not be provided the new number for the entity the consumer was seeking when they made the first call to the toll-free number now owned by Defendants.

## NOTICE OF APPARENT LIABILITY

31. On November 30, 2012, the Commission issued a Notice of Apparent Liability ("NAL") to Defendants in the amount of $1,680,000 for fourteen counts[1] of apparent willful and repeated violations of section 201(b) of the Act, 47 U.S.C. § 201(b), for including unauthorized charges and fees on consumers' telephone bills ("cramming") and engaging in deceptive marketing practices. *In the Matter of Telseven, LLC, Calling 10, LLC, Patrick Hines a/k/a/ P. Brian Hines*, Notice of Apparent Liability for Forfeiture, 27 FCC Rcd 15558 (2012). The Notice of Apparent Liability specified that the following entities were jointly and severally liable:

---

[1] While the Bureau examined more than 80 complaints, only 14 of those complaints were within the one-year statute of limitations for issuance of a Notice of Apparent Liability, such that they could form the basis of the proposed forfeiture. 47 U.S.C. § 503(b)(6)(B).

Patrick Hines, Calling 10, LLC, and Telseven, LLC. A copy of the NAL is attached as Exhibit A.

32. The FCC sent a copy of the NAL to Defendants by Certified Mail, return receipt requested, and by First Class Mail. The FCC received a signed Certified Mail return receipt, a copy of which is attached as Exhibit B.

33. On January 23, 2013, Defendant Hines filed a response on behalf of himself individually. In his response, Hines did not discuss the section 201(b) violations. However, Hines argued that the FCC should not pursue the forfeiture against him in an individual capacity because (1) the agency did not correctly apply its test for "piercing the corporate veil," and (2) in any event the Florida law test for piercing the corporate veil should apply, and under that test, Defendant Hines would not be liable for the forfeiture imposed on his companies. A copy of Defendant Hines' response is attached as Exhibit C.

34. The corporate Defendants did not file a response to the NAL.

### THE FORFEITURE ORDER

35. On February 18, 2016, the Commission issued a Forfeiture Order in the amount of $1,680,000 against Defendants for fourteen counts of willful and repeated violation of section 201(b) of the Act, 47 U.S.C. § 201(b), for including unauthorized charges and fees on consumers' telephone bills and engaging in deceptive marketing practices. *In the Matter of Telseven, LLC, Calling 10, LLC, Patrick Hines a/k/a/ P. Brian Hines*, Forfeiture Order, 31 FCC Rcd. 1629 (2016). The FCC rejected the arguments in Defendant Hines' NAL Response, finding that the facts provided a basis for piercing the corporate veil to hold Defendant Hines liable, under both federal and Florida law. The Forfeiture Order reaffirmed that Patrick Hines, Calling

8

10, LLC, and Telseven, LLC, were jointly and severally liable. A copy of the Forfeiture Order is attached as Exhibit D.

36. The FCC sent a copy of the Forfeiture Order to Defendants by Certified Mail, return receipt requested, and by First Class Mail. The FCC received a signed Certified Mail return receipt, a copy of which is attached as Exhibit E.

37. The Forfeiture Order directed Defendants to pay the forfeiture within thirty (30) calendar days from the release of the Order. The forfeiture penalty has not been paid.[2] A Certificate of Forfeiture is attached as Exhibit F.

### COUNT I – UNAUTHORIZED CHARGES OR FEES (47 U.S.C. § 201(b))

38. Paragraphs 1 through 37 are hereby incorporated by reference.

39. Defendants willfully and repeatedly violated section 201(b) of the Act by including unauthorized charges and fees on consumers' telephone bills ("cramming").

40. By reason of the foregoing, Defendants are liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's rules, 47 C.F.R. § 1.80, and the Commission's *Forfeiture Policy Statement and Amendment of Section*

---

[2] The FCC submitted claims in the Telseven, LLC, and Calling 10, LLC, bankruptcy cases for this forfeiture and another issued for violations of Commission rules regarding contribution to telecommunications funds (such as the Universal Service Fund) and failure to meet regulatory filing and fee requirements. *See Telseven, LLC, Patrick B. Hines*, Forfeiture Order, 31 FCC Rcd. 1629 (2016). The FCC's claims have been allowed in full and pursuant to the Trustee's Final Report in each case, the Commission will receive a total distribution of $28,032.49 between the two cases. As of the date of this filing, the Commission has not received a distribution from either bankruptcy estate.
    Neither Telseven, LLC, nor Calling 10, LLC, has been or will be discharged from its obligation to repay the Commission's claims against it, including this forfeiture. Pursuant to section 727(a) of the United States Bankruptcy Code, 11 U.S.C. § 727(a), only individual Chapter 7 debtors receive a discharge of indebtedness. The Commission's pursuit of this enforcement action does not violate the automatic stay under section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), because it is permitted as an exercise of the Commission's regulatory power under section 362(b)(4) of the Bankruptcy Code. 11 U.S.C. § 362(b)(4).

*1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd 17087 (1997), *recon denied*, 15 FCC Rcd 303 (1999).

### COUNT II – DECEPTIVE MARKETING PRACTICES (47 U.S.C. § 201(b))

41. Paragraphs 1 through 40 are hereby incorporated by reference.

42. Defendants willfully and repeatedly violated section 201(b) of the Act engaging in deceptive marketing practices.

43. By reason of the foregoing, Defendants are liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's rules, 47 C.F.R. § 1.80, and the Commission's *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd 17087 (1997), *recon denied*, 15 FCC Rcd 303 (1999).

### CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, as follows:

a. Judgment in the amount of $1,680,000;

b. Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961;

c. Costs and disbursements incurred by Plaintiff in this action; and

d. Such other further relief that the Court may deem just and proper.

DATE: November 29, 2016                Respectfully submitted,

                                              A. Lee Bentley, III
                                              United States Attorney

                             By: _/s/ Sean M. Powers_____
                                              Sean Powers
                                              Assistant United States Attorney
                                              USA #180
                                              United States Attorney's Office
                                              300 North Hogan Street, Suite 700
                                              Jacksonville, FL 32202
                                              Phone: (904) 301-6254
                                              Email: sean.powers@usdoj.gov

## CERTIFICATE OF SERVICE

The United States certifies that a copy of the foregoing complaint and exhibits were delivered via U.S. Mail, on November 29, 2016, to:

        Joel R. Dichter
        Dichter Law LLC
        488 Madison Avenue, 18th Floor
        New York, New York 10022
        joelrdichter@gmail.com

/s/ Sean M Powers
Sean Powers
Assistant United States Attorney
USA #180
United States Attorney's Office
300 North Hogan Street, Suite 700
Jacksonville, FL 32202
Phone: (904) 301-6254
Email: sean.powers@usdoj.gov