**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 3:16-cv-1477-J-32PDB

PATRICK BRIAN HINES,

    Defendant.

## **O R D E R**

This forfeiture action is before the Court on Motion of Patrick Brian Hines to Dismiss the Complaint Under FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction Due to the Expiration of the Applicable Statute of Limitations. (Doc. 11). The Government responded in opposition (Doc. 21), to which Hines, replied (Doc. 22). The United States filed a surreply, (Doc. 31), and Hines filed a sur-surreply (Doc. 36).

### **I. BACKGROUND**

On November 29, 2016, the Government filed a Complaint for Recovery of Civil Monetary Forfeiture Penalty to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC") against Hines and his

businesses. (Doc. 1).[1] Hines's businesses offered an "Enhanced Number Assistance and Directory Assistance" service where they controlled toll-free numbers that were likely to be dialed by mistake by consumers. (Doc. 1 ¶¶ 16–17). When consumers called one of these numbers, they were told that a directory service was available to assist the caller in finding the correct number. (Doc. 1 ¶ 19). When consumers called the number for the directory service, they were greeted with a menu of options and were charged approximately seven dollars if they hung up or selected all but one of the menu options. (Doc. 1 ¶¶ 18–20).

In response to consumer complaints regarding this billing practice, the FCC investigated the matter, and on November 30, 2012 issued a Notice of Apparent Liability ("NAL") in the amount of $1,680,000. (Doc. 1 ¶¶ 21–23, 31). The NAL found Hines jointly and severally liable with his businesses for fourteen counts of violating 47 U.S.C. § 201(b), which makes it unlawful to engage in unjust or unreasonable charging practices. (Doc. 1 ¶¶ 10, 31). On January 23, 2013, Hines responded to the NAL and raised concerns about whether holding him personally liable was appropriate. (Doc. 1 ¶ 33). Finding Hines's response unpersuasive, the FCC issued a Forfeiture Order on February 18, 2016 for the full $1,680,000. (Doc. 1 ¶ 35). The Forfeiture Order required

---

[1] Hines's businesses had already declared bankruptcy and were subsequently dismissed from this action. (Doc. 8).

payment within thirty days, but to date is still outstanding. (Doc. 1 ¶ 37). The Government then filed this enforcement action to collect the money owed pursuant to the Forfeiture Order. (Doc. 1). Hines has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 11).

## II. ANALYSIS

The issue before the Court is whether it has subject matter jurisdiction. Hines asserts that the expiration of the statute of limitations is a jurisdictional bar. (Doc. 11 at 4). The parties agree that this forfeiture action is subject to the five year limitations period contained in 28 U.S.C. § 2462. The Government says that the statute of limitations issue is improperly raised in a Rule 12(b)(1) motion, contending that "the expiration of a statute of limitation is an affirmative defense rather than a bar to jurisdiction." (Doc. 21 at 6). In response, Hines's cites a "line of cases finding that [a] limitations period raises jurisdictional issues for the Court." (Doc. 22 at 4). The importance of the distinction, as both parties have pointed out, is that a Rule 12(b)(1) motion allows the Court to review extrinsic material, whereas a Rule 12(b)(6) motion does not. (Doc. 11 at 4; Doc. 21 at 6–7).

Although not cited by the parties, there are several recent Supreme Court cases explaining the analysis for determining whether a statute of limitations is jurisdictional. See, e.g., Musacchio v. United States, 136 S. Ct. 709, 717 (2016); United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015); Sebelius

v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153–54 (2013); Henderson v. Shinseki, 562 U.S. 428, 438 (2011).

Though most commonly an affirmative defense, the expiration of a statute of limitations can be jurisdictional in certain situations. John R. Sand & Gravel Co. v. U.S., 552 U.S. 130, 133–34 (2008); see, e.g., Bowles v. Russell, 551 U.S. 205, 210 (2007) (holding that statutory time limit for taking an appeal is jurisdictional). The Supreme Court "adopted a 'readily administrable bright line' for determining whether to classify a statutory limitation as jurisdictional." Auburn, 568 U.S. at 153–54. To make such a determination, a court should "inquire whether Congress has 'clearly stated' that the rule is jurisdictional; absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" Id. Although classified as a "bright line," a court should look to context because there are no "incant magic words" indicating such intent. Id. at 153. "[I]n applying that clear statement rule, [the Supreme Court has] made plain that most time bars are nonjurisdictional." Wong, 135 S. Ct. at 1632 (emphasis added). In discussing this recent line of Supreme Court cases, the Eleventh Circuit recently stated: "the [Supreme] Court has emphasized—repeatedly—that statutory limitation periods and other filing deadlines 'ordinarily are not jurisdictional' and that a particular time bar should be treated as jurisdictional 'only if Congress has

4

clearly stated that it is.'" (quotations omitted) (quoting <u>Musacchio</u>, 136 S. Ct. at 716–17).

To demonstrate that a statute of limitations is jurisdictional, "Congress must do something special, beyond setting an exception-free deadline . . . ." <u>Id.</u> Proving the specific intent to make a statute of limitations jurisdictional is a high burden to meet. <u>Id.</u> ("Given those harsh consequences, the Government must clear a high bar to establish that a statute of limitations is jurisdictional."); <u>SEC v. Amerindo Inv. Advisors</u>, 639 F. App'x 752, 754 (2d Cir.), <u>cert. denied</u>, 136 S. Ct. 2429 (2016) (stating that appellants failed to meet the high burden of establishing that the time limitation in 28 U.S.C. § 2462 is jurisdictional). A court should first look to the plain language of the statute, next to the provision's placement within the overall statute, and lastly to the statute's history. <u>See</u> <u>Wong</u>, 135 S. Ct. at 1632; <u>Avila-Santoya v. U.S. Att'y Gen.</u>, 713 F.3d 1357, 1360 (11th Cir. 2013). Undertaking this analysis, the Court concludes that the statute of limitations in 28 U.S.C. § 2462 is not a

jurisdictional bar to this action.[2] Moreover, factual disputes prevent the Court from determining the statute of limitations from the face of the complaint.[3]

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

---

[2] Another court in this Circuit reached the opposite conclusion. See SEC v. Graham, 21 F. Supp. 3d 1300, 1307 (S.D. Fla. 2014) (hereinafter "Graham I"), aff'd in part and rev'd in part, SEC v. Graham, 823 F.3d 1357 (11th Cir. 2016) (hereinafter "Graham II"). The Graham I court held that the time limit contained in § 2462 was a jurisdictional bar. Id. On appeal, the Eleventh Circuit declined to address whether § 2462 was a bar to jurisdiction, instead deciding that § 2462 did not apply to the equitable remedies the SEC sought in that case. Graham II, 823 F.3d at 1362. Relying on John R. Sand and Bowles, Graham I equates all statutory limitation periods as jurisdictional because they "by their very nature[,] seek to limit either which claims can be brought into court, or which claims a court may entertain." Graham I, 21 F. Supp. 3d at 1307. However, Graham I preceded the Supreme Court's decision in Wong, which "made plain that most time bars are nonjurisdictional." Wong, 135 S. Ct. at 1632. Therefore, Graham I's reasoning has been undermined and the text of § 2462 does not support the limitation being jurisdictional.

[3] The expiration of the statute of limitations is more appropriately raised as an affirmative defense. See, e.g., Sec'y of Labor v. Labbe, 319 F. App'x 761, 764 (11th Cir. 2008); Absolute Activist Value Master Fund Ltd. v. Devine, 233 F. Supp. 3d 1297, 1328 (M.D. Fla. 2017). "Generally, the existence of an affirmative defense will not support a motion to dismiss because plaintiffs are not required to negate an affirmative defense in their complaint[.]" Devine, 233 F. Supp. 3d at 1328 (quotations and citations omitted). The Eleventh Circuit has stated that dismissal based on statute of limitations "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred and only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute." Labbe, 319 F. App'x at 764 (quotations and alterations omitted) (emphasis in original). Here, the statute of limitations issue is better suited as an affirmative defense, which would allow it to be supported through extrinsic evidence.

1. The Motion of Patrick Brian Hines to Dismiss the Complaint Under FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction Due to the Expiration of the Applicable Statute of Limitations (Doc. 11) is **DENIED**. Hines may assert the expiration of the statute of limitations as an affirmative defense.

2. Not later than **January 17, 2018**, Hines shall file an Answer.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record